## Hartman v. McAnallen Corporation

*Stephen Harris,* for plaintiffs.
*Louis Anstandig,* for defendants.
*Joseph Woehrel,* for additional defendant.

FINKELHOR, *J.,* April 1, 1981—This matter, a tort action for personal injuries allegedly resulting from a motor vehicle accident, is before the court en banc on the motion of defendant McAnallen Corporation for summary judgment for failure to allege

threshold damages in excess of $750 as required by section 301(a)(5)(B) of the Pennsylvania No-fault Motor Vehicle Insurance Act of July 19, 1974, P.L. 489, 40 P.S. § 1009.301(a)(5)(B).

Plaintiffs' complaint in trespass, filed November 30, 1979, alleged that the husband/plaintiff[1] was involved in a motor vehicle accident in the vicinity of the Fort Pitt Tunnels and was struck by the motor vehicle operated by defendant Louis Waller and owned by defendant McAnallen Corporation. It is further averred that plaintiff sustained injuries to the bones, muscles, tissues and ligaments of the cervical spine in the nature of a sprain and internal injuries, shock and injuries to the nerves and nervous system.

Paragraph 11 of said complaint specifically states, in part, as follows:

"As the result of the injuries . m . Husband-Plaintiff has sustained the following damages:

"(a) Said Plaintiff has been or will be required to receive and undergo medical attention and care and to expend monies or to incur various expenses described in 40 P.S. 1009.301(a)(5)(B), the cost or reasonable value of which is or *may be in excess of the sum of Seven Hundred Fifty ($750.00) Dollars* exclusive of diagnostic X-ray and rehabilitation costs in excess of One Hundred ($100.00) Dollars." (Emphasis supplied.)

Section 301 of the Pennsylvania No-fault Motor Vehicle Insurance Act, 40 P.S. § 1009.301, provides, in pertinent part, as follows:

"(5) A person remains liable for damages for non-economic detriment if the accident results in:

1. The claim is based on injury to the husband/plaintiff.

"(A) death or serious and permanent injury; or

"(B) the reasonable value of reasonable and necessary medical and dental services, including prosthetic devices and necessary ambulance, hospital and professional nursing expenses incurred in the diagnosis, care and recovery of the victim, exclusive of diagnostic x-ray costs and rehabilitation costs in excess of one hundred dollars ($100) is in excess of seven hundred fifty dollars ($750)."

Section 301(a)(5)(C) further provides that suit may be brought where plaintiff has suffered physical and mental impairment for more than 60 consecutive days.

It is the contention of defendant, based upon plaintiffs' answers to interrogatories, that the allowable medical and hospital expenses,[2] amount to approximately $563. Defendant has attached to its motion an affidavit of defendant's examining physician, in which he concludes, with a reasonable degree of medical certainty, that the husband/plaintiff will not be required to undergo any further medical care as a result of the January 1978 accident.

Plaintiffs have filed a countering affidavit to the effect that he is "under the care of a physician, whose treatment . . . will continue indefinitely." Plaintiff states in his brief that, as recently as February 12, 1981 he was treated by Dr. Paul Patraglia, an osteopath. Husband/plaintiff has also incurred chiropractic bills, but the amounts of these bills are not set forth in any of the supporting documents.

The issues before the court are as follows:

(1) Must the threshold amount, under section

___

2. Exclusive of diagnostic, x-ray and rehabilitation costs in excess of $100.

301 of the No-fault Act, be met before plaintiff may file a claim in trespass and, in the alternative, when must said threshold be met;

(2) May chiropractic services be considered in determining the threshold amount;

(3) Is there a factual issue as to the seriousness and permanency of plaintiff's injuries?

## DISCUSSION

To state the obvious, the Pennsylvania No-fault Act altered the previous system of compensation for bodily injuries sustained in motor vehicle accidents. In the interest of prompt and speedy payment to the injured person and to reduce congestion in the courts, the legislature provided for no-fault payment to the victim and set a threshold for the filing of "fault" actions. In effect, the legislature barred certain types of claims from the field of tort remedies or trespass actions based on negligence and provided for an alternative method of relief: Singer v. Sheppard, 464 Pa. 387, 346 A. 2d 897 (1975). In part, the No-fault Act is similar to workmen's compensation where a class or group of injuries is removed from previous common law remedies.

In Heffner v. Allstate Insurance Company, 265 Pa. Superior Ct. 181, 187, 401 A. 2d 1160, 1162-1163 (1979), President Judge Cercone discussed the No-fault Act and stated that courts have:

". . . routinely followed this spirit [of maximum feasible restoration of all individuals injured] and found coverage for the insured in close or doubtful insurance cases. The tendency has been that if we should err in ascertaining the intent of the legislature or the intendment of an insurance policy, we should err in favor of coverage for the insured."

It was in this spirit that Judge Eunice Ross addressed the issue of the sufficiency of a complaint which alleged injuries which "may result in" expenses of $750. In O'Sullivan v. Ruszecki, 2 D. & C. 3d 276 (1977), Judge Ross ruled that plaintiff's averments that, with reasonable certainty, the threshold of $750 would be met was sufficient to bar a demurrer as follows at 281: "This in no way violates the act for if, through discovery or at some later stage, it is determined that an exception has not been met, a defendant has ample opportunity to halt litigation."

A similar result was reached by the trial court in Walk v. Russell, 10 D. & C. 3d 330 (1979); Mabey v. Michkens, 7 D. & C. 3d 792, 1 Phila. 355 (1978). Contra, Gleeson v. Belkin, 3 Phila. Interloc. Civil Opin. 442 (1979).

In Mabey v. Michkens, supra, the court stated at 795:

"No useful purpose would be served by requiring a plaintiff actually to have incurred $750 in medical expenses before filing suit if it can be fairly alleged that the medical expenses are reasonably expected to be in excess of the threshold amount. A contrary ruling would not only raise problems with respect to the statute of limitations but might encourage early, excessive or unnecessary treatment."

We do not believe that it was the intent of the legislature to place plaintiff between the Scylla of the statute of limitations and the Charybdis of failure to meet the threshold medical expenses. Conceivably, there are claims such as injuries requiring plastic surgery or injuries to children where the threshold may not be met within the statutory period of limitation, and to require that the

threshold must be met prior to the filing of the complaint would leave plaintiff without a remedy.

It is plaintiff's argument that the filed affidavit in which he claims continuing medical treatment is sufficient to raise a factual issue as to the seriousness and permanency of plaintiff's injuries. However, plaintiff does not allege that the threshold amount has been met nor has he filed any medical opinions contrary to that of defendant's examining doctor that additional medical care will not be required in the future. In fact, plaintiff has not alleged additional costs due to the treatment by the unnamed physician set forth in paragraph 4 of his affidavit. There is also nothing to support statements made in plaintiff's brief that his injuries have impaired his activities for a period of more than 60 days and answers to interrogatories set forth a five-day period of absence from work.

While the $750 threshold does not have to be met at time of filing, there must be some allegation to support the averment that said threshold will be met prior to trial.

## CHIROPRACTIC SERVICES

There also appears to be a legal issue as to whether the costs of chiropractic care can be used to determine the threshold computation. The status of chiropractic services has been before our appellate courts on a number of occasions: Strunack v. Ecker, _____ Pa. Superior Ct. _____, 424 A. 2d 1355 (1981); Miller v. Johnson, _____ A. 2d _____ (Pa. Super. 1979); Babcock v. Tippett, 260 Pa. Superior Ct. 583, 394 A. 2d 607 (1978).

In the recent Strunack decision, Judge Hester ruled that chiropractor expenses were not intended to be included in calculating the $750 threshold of

the act.[3] In view of the specific rejection by the legislature of amendments that would have included chiropractic services, the act must be interpreted as presently drafted.

## DISPUTED ISSUE OF FACT

Based upon what has been presented to the court, plaintiff has not presently either alleged or presented affidavits that would bring plaintiff within the threshold of a tort action. Therefore, the issue which must be resolved by the court is the precise period of time allowed to plaintiff to perfect his cause of action. The complaint may be filed wherein plaintiff alleges that the threshold will be met and, based upon the above discussion, a demurrer would not be appropriate. Conversely, it would place a serious burden and expense upon both defendant and the court to delay determination of this issue until the date of trial. Part of the purpose of the No-fault Act was to reduce congestion created in the courts by the filing of motor vehicle claims. If the arguments of plaintiff were accepted, the trial lists of the courts would continue to burgeon and all parties, including plaintiff, would be put to pretrial costs, as well as inconvenience to all concerned.

The accident in this case occurred in January 1978. Plaintiffs filed their certificate of readiness August 27, 1980. Other than plaintiffs' naked affidavit, and plaintiffs are not medical experts, there is nothing to support the allegation that medical costs will exceed $750 prior to trial nor any countering affidavit to the affidavits produced by defendant.

---

3. Judge Spaeth dissented from this opinion.

In Harris v. DiMarcello, 3 Phila. Interloc. Civil Opin. 445 (1979), the same issue was presented to the Philadelphia Common Pleas Court and it was found that summary judgment was appropriate procedure to determine the threshold issue.

In the instant proceeding, three years after the event, there is no dispute that plaintiff has failed to meet the "fault" threshold required by section 301 of the act and, apart from plaintiff's own allegations, there are no facts of record to establish disputed issues of fact.

Because this is a case of first impression in Allegheny County, plaintiff will be granted 21 days from the date of the order to file an appropriate medical affidavit on the threshold issue. Absent such affidavit, summary judgment will be granted.

An appropriate order is attached hereto.

## ORDER

And now, April 1, 1981, upon the motion of defendant McAnallen Corporation for summary judgment and it appearing to the court that, upon the present state of the record, plaintiff has not met the threshold requirements of the Pennsylvania No-fault Act, it is hereby ordered, adjudged and decreed that said motion shall be continued for 21 days and plaintiff shall be granted said 21 days to file a countering medical affidavit to support the trespass action under section 301 of the Pennsylvania No-fault Act.

It is further ordered that, absent said affidavit, summary judgment will be granted.